UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : CASE NO. 3:12-cr-105(RNC)9 |
| | : |
| SHIRROD HENDERSON | : |
| | : |

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

Defendant Shirrod Henderson has moved unopposed for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For reasons that follow, the motion is granted.

On December 18, 2019, Mr. Henderson was sentenced to nine months' imprisonment followed by three months in a halfway house for violation of his supervised release. Mr. Henderson's release date is July 30, 2020. He requests that his sentence of imprisonment be reduced to time-served and that he not be required to spend time in a halfway house. He asks that a period of home confinement be used as a substitute. The government does not oppose this substitution.

The Court finds that the risk posed to Mr. Henderson's health by the novel coronavirus constitutes an extraordinary and compelling reason justifying compassionate release in accordance with § 3582(c)(1)(A). Mr. Henderson's medical history presents significant risk factors for severe illness were he to contract COVID-19. See United States v. Brown, 4:05-CR-227-1, 2020 WL 2091802, at *9 (S.D. Iowa April 29, 2020)(citing decisions

granting compassionate release because of risk factors linked to COVID-19).

The Court further finds that the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of compassionate release at this time. Mr. Henderson has completed the majority of his sentence and will be confined to his home as a substitute for further incarceration.

Accordingly, it is hereby ordered:

1. The motion for compassionate release is granted.

2. Mr. Henderson's term of imprisonment is reduced to time-served and he will be released from the custody of the Bureau of Prisons forthwith.

3. Following his release, Mr. Henderson will serve a two-month term of home confinement as a substitute for further incarceration, and a three-month term of home confinement as a substitute for spending supervised release in a halfway house. During this five-month period, he will be subject to monitoring by the Probation Office using SmartLink technology or the equivalent. Mr. Henderson will remain in his residence at all times except that he may leave to obtain medical care and treatment, work, participate in religious services, and at such other times as may be approved by the Probation Office.

4. Mr. Henderson will then serve nine months of supervised release subject to the same mandatory and standard conditions previously set.

5. Mr. Henderson will self-quarantine for a period of 14 days. During this period, he will make reasonable efforts to be tested for COVID-19. If he tests positive, he will immediately notify the BOP.

6. All other terms of the Judgment (ECF 1562) remain in effect.

So ordered this 4th day of June 2020.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge